UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:23-cr-0158-KKM-CPT

ENOCK EDOUARD,

    Defendant.
_____

## ORDER

    A grand jury returned a four-count indictment against Enock Edouard and his co-defendant, finding probable cause that they conspired to distribute narcotics and possessed narcotics with an intent to distribute. *See* Indictment (Doc. 14). Appearing pro se, Edouard moves to dismiss the indictment because "[n]o grand jury was ever convened" to indict him, and the government did not provide him with transcripts of witness testimony before the grand jury or *Brady* material from the grand jury presentation. MTD (Doc. 57) at 3. This motion is denied.

    First, a grand jury was convened, and it indicted Edouard on May 9, 2023. *See* Indictment. Edouard was provided a copy of the indictment at his initial appearance on June 5, 2023. *See* Clerk's Minutes (Doc. 37). Edouard does not argue that this indictment, returned in open court, was fraudulent or otherwise deficient.

Second, Edouard argues that he is entitled to a transcript of grand jury testimony under the Court's pretrial discovery order. MTD at 1–2. The pretrial discovery order requires that the government comply with the disclosure requirements in Federal Rule of Criminal Procedure 16, including disclosing a defendant's "recorded testimony before a grand jury relating to the charged offense." FED. R. CRIM. P. 16(a)(1)(B)(iii). As Edouard acknowledges, he did not testify before the grand jury, so no such recorded testimony exists. MTD at 2.

Third, Edouard claims that "[e]ven if a grand jury testimony took place[,] the transcript would have proved [his] innocence." MTD at 3. The government is, of course, required to produce any exculpatory evidence. *See Brady v. Maryland*, 373 U.S. 83 (1963). But Edouard presents no evidence (or raise a specific argument) that such exculpatory evidence exists. He even agrees "there is no 'Brady material' in existence from the grand jury presentation," so he cannot show that the government has failed to comply with its *Brady* obligations. MTD at 3.

Accordingly, Edouard's motion to dismiss the indictment (Doc. 57) is **DENIED**.

**ORDERED** in Tampa, Florida, on July 6, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge