UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                    Case No: 8:23-cr-0158-KKM-CPT

ENOCK EDOUARD,

    Defendant.
_____

# ORDER

    A grand jury returned a four-count indictment against Enock Edouard and his co-defendant, finding probable cause that they conspired to distribute narcotics and possessed narcotics with an intent to distribute. *See* Indictment (Doc. 14). On June 27, 2023, Edouard, appearing pro se, moved to dismiss the indictment because "[n]o grand jury was ever convened" to indict him, and the government did not provide him with transcripts of witness testimony before the grand jury or *Brady* material from the grand jury presentation. MTD (Doc. 57) at 3. The Court denied Edouard's motion. Order denying MTD (Doc. 62).

    Edouard now moves to "correct" the Court's order under the auspices of Federal Rule of Civil Procedure 59(e). MTC (Doc. 74) at 1. The Court denies the motion because,

putting aside that the Federal Rules of Civil Procedure do not govern criminal proceedings, *see* FED. R. CRIM. P. 1(a)(1), Edouard's arguments remain meritless.

Edouard first argues that the Court was wrong to deny his motion to dismiss because the United States did not provide an affidavit or grand jury transcript as part of its response. MTC at 2–3. To support this claim, he relies on civil cases describing summary judgment practice under Federal Rule of Civil Procedure 56. *Id.* But again, the Rules of Civil Procedure do not govern federal criminal procedure, *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998), and "[t]here is no summary judgment procedure in criminal cases," *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam)).

Edouard next renews an argument that he was entitled to a transcript of the grand jury proceeding related to the indictment. MTC at 3. Just as it was before, this contention is erroneous. The Court's pretrial discovery order clearly stated that Edouard was entitled to "[a]ll written, recorded, or oral statements *made by the Defendant*, including grand jury testimony, as defined in Federal Rule of Criminal Procedure 16(a)(1)(A), (B), and (C)." (Doc. 40) at 1 (emphasis added). Edouard did not testify before the grand jury. He admitted that earlier. Thus, there is no such recorded testimony. *See* Order denying MTD at 2; FED. R. CRIM P. 16(a)(1)(B)(iii).

Edouard's third argument, that he was disabled from making an allegation regarding the United States's compliance with its *Brady* obligations because it declined to put on evidence in response to his motion to dismiss, is simply a reprise of his first. A motion to dismiss a federal criminal indictment is not one for summary judgment. *Salman*, 378 F.3d at 1268. "Because [Edouard] was properly indicted, the government is entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." *Id.*

Finally, Edouard suggests that the United States should have provided him with grand jury transcripts because those transcripts would prove his innocence. *See* MTC at 4; MTD at 3. As the Court has reiterated, the government is required to produce any exculpatory evidence. *See* Order denying MTD at 2; *Brady v. Maryland*, 373 U.S. 83 (1963). The Federal Rules of Criminal Procedure, however, generally require that grand jury proceedings remain secret. FED. R. CRIM. P. 6(e); *see also United States v. Jordan*, 316 F.3d 1215, 1227 n.17 (11th Cir. 2003). Rule 6(e)(3) provides exceptions to that secrecy, but Edouard has not even attempted to invoke them, much less made a sufficient showing. And while district courts "have inherent authority to act outside Rule 6(e)(3), any inherent disclosure authority is exceedingly narrow and exists only in exceptional circumstances." *United States v. Aisenberg*, 358 F.3d 1327, 1347 (11th Cir. 2004). Either

3

under Rule 6(e)(3) or the Court's inherent authority, Edouard has failed to show "a compelling and particularized need" sufficient to justify disclosure. *See id.* at 1348.

Accordingly, Edouard's motion (Doc. 74) is **DENIED**.

**ORDERED** in Tampa, Florida, on July 14, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge